# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2022

Lyle W. Cayce
Clerk

No. 21-10383

United States of America,

*Plaintiff—Appellee*,

*versus*

John David Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-97-1

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:[*]

A jury found John David Martinez guilty of enticing an eleven-year-old to engage in sexual activity in violation of 18 U.S.C. § 2422(b). The district court sentenced him to life in prison. Before trial, Martinez filed a motion in limine seeking to prevent the Government from offering at trial evidence of any past extrinsic sexual acts. The Government responded and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

provided a notice of its intent to offer the testimony of witnesses who would testify that Martinez had sexually assaulted them or attempted to do so when they were young.  The district court allowed the testimony of two of the witnesses under Federal Rule of Evidence 413, and the testimony of all witnesses under Federal Rule of Evidence 404(b).  Martinez challenges these rulings on appeal.  Our review is for abuse of discretion.  *See United States v. Gutierrez-Farias*, 294 F.3d 657, 662 (5th Cir. 2002).

Martinez contends that the district court erred in admitting two of the witnesses' testimony under Rule 413 because he was not accused of committing a "sexual assault," as that term is defined by Rule 413(d).  He further argues that the district court erred in admitting the third witness's testimony under Rule 404(b), because her testimony was relevant only to show propensity and not relevant to any permissible purpose listed in Rule 404(b)(2).  Even were the three witnesses' testimony admissible under Rules 413 and 404(b), Martinez additionally contends that the district court erred by not excluding the testimony under Federal Rule of Evidence 403.

We need not resolve the difficult Rule 413 question.  The district court also admitted the three witnesses' testimony under Rule 404(b), and we see no abuse of discretion in that ruling.  Contrary to Martinez's contention, we have held in nonconspiracy cases that the government may use Rule 404(b) to provide evidence of intent when the defendant pleads not guilty and makes the government meet its burden.  *See United States v. McCall*, 553 F.3d 821, 827–28 (5th Cir. 2008); *United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005).  To prevent the government from invoking "intent" as a basis for extrinsic act evidence, the defendant "must affirmatively remove the issue of intent, not just promise not actively to contest the issue."  *United States v. Grimes*, 244 F.3d 375, 384 (5th Cir. 2001).  Moreover, Martinez did end up contesting intent by arguing that the victim's mother was actually texting him and making it look like the texts were from the minor victim.  We further

No. 21-10383

conclude that the district court did not abuse its wide discretion in balancing the Rule 403 interests. *See United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (recognizing that we review a Rule 403 determination with an "especially high level of deference").

Assuming *arguendo*, then, that the two witnesses' testimony should not have been admitted under Rule 413, the error comes not from their testimony but from the district court's instruction that their testimony could be considered not just for the Rule 403(b) laundry list of purposes but also for "propensity." We conclude that any such error was harmless. Even if it was error to admit the two witnesses' testimony for propensity, "reversal is not required unless there is a 'reasonable possibility that the improperly admitted evidence contributed to the conviction.'" *United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010) (quoting *United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003) (cleaned up)). An error may be harmless when "the other evidence of guilt is overwhelming, and the error would not have substantially influenced the jury's verdict." *See United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008).

The government has met its burden of showing that any error in admitting the testimony as propensity evidence was harmless. Martinez and the victim exchanged over 7,500 text messages during a one-month period. Many of these messages were sexually explicit. To give a sense, in one exchange Martinez texts the victim: "So are you really gonna let me put my _____ in your _____?" When the victim responds that she would, Martinez sent a smiling emoji and asked, "So this is really [the victim's name], and you wanna have sex with me? Promise? This stays between us." The victim responded, "I promise."

The victim testified and confirmed that Martinez had sent her the thousands of messages. She expressed her belief that Martinez was serious

about engaging in the sexual acts that he described.  The victim also testified about two separate occasions when, while she was sleeping at Martinez's house, Martinez inappropriately touched her.  As Martinez declined to cross-examine the victim, her testimony went unchallenged.

Against this staggering evidence of guilt, what defense did Martinez assert?  During closing, his lawyer argued that the victim's mother had a flirtatious relationship with Martinez and had used the victim's phone to communicate with Martinez.  According to this theory, the mother wanted it to look like the victim was sending these sexual texts while she was staying at her father's house, which would make the father look like an unfit parent so the mother could regain custody.   No evidence supported this theory.  And it is nonsensical.  Many of the texts were sent while the victim was staying with her mother, which would have placed the mother in the same category as the father in "allowing" this to happen.  The mother did not "discover" the texts and report Martinez to the authorities; the victim's babysitter did.  And, of course, this theory would mean that the victim lied on the stand. Yet not only was the victim's testimony that she received and sent the texts unimpeached, but it was corroborated by content in the texts including a photo of herself she sent Martinez.

We thus are convinced that the evidence of guilt was so overwhelming "that the jury would have reached the same result" even had it not been allowed to consider the two extrinsic acts as propensity evidence.  *United States v. Brito-Hernandez*, 996 F.2d 80, 82 (5th Cir. 1993) (quoting *Zilka v. Estelle*, 529 F.2d 388, 392 (5th Cir. 1976)).  Consequently, any error in allowing two of the witnesses to testify not just under Rule 404(b) but also under Rule 413 was harmless.  The district court's judgment is AFFIRMED.